IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

      Plaintiff,                  No. 2: 11-cv-2152 KJN P

   vs.

S.H. WONG, et al.,

      Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel. Pending before the court is plaintiff's first amended complaint filed December 23, 2011.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th
4  Cir. 1989), <u>superseded by statute as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir.
5  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
6  meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at
7  1227.

8  　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic</u>
11 <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47
12 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
13 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
14 allegations sufficient "to raise a right to relief above the speculative level."  <u>Id.</u>  However,
15 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
16 notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Erickson v. Pardus</u>, 551
17 U.S. 89, 93 (2007) (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555) (citations and internal
18 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
19 as true the allegations of the complaint in question, <u>id.</u>, and construe the pleading in the light
20 most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

21 　　　　Named as defendants are Dr. Wong, Correctional Officer Casey and Warden
22 Socorro.  These defendants are located at the Deuel Vocational Institution ("DVI").  Also named
23 as a defendant is the Director of the California Department of Corrections and Rehabilitation
24 ("CDCR").

25 　　　　Plaintiff alleges that he suffered "adverse effects" as a result of receiving
26 "inadequate prescriptions" for dilantin and pain medication.  Plaintiff alleges that defendant

Casey forced him out of his wheelchair for over twenty days in order to harass plaintiff by searching his wheel chair cushion.

Plaintiff does not allege that any defendant was involved in the deprivation of pain medication and dilantin.

> The Civil Rights Act under which this action was filed provides as follows: Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board

of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

  Because plaintiff has failed to link any defendant to his claim regarding the denial of pain medication and dilantin, this claim is dismissed with leave to amend.  If plaintiff files an amended complaint, he must also allege when the alleged deprivation of medication occurred.

  Plaintiff alleges that defendant Casey searched his wheelchair over twenty different days in order to harass him.  However, plaintiff does not allege when this occurred.  In other words, it is not clear if plaintiff is claiming that these searches occurred over twenty consecutive days.  If plaintiff files an amended complaint, he must allege when the searches occurred.  Plaintiff also does not allege that he suffered any injury as a result of having his wheel chair searched.  In addition, while plaintiff alleges that defendant Casey intended to harass plaintiff when he searched his wheel chair, plaintiff offers no facts in support of this conclusory claim.  Accordingly, the claims against defendant Casey are dismissed with leave to amend.  If plaintiff files an amended complaint, he must allege when defendant Casey allegedly searched his wheel chair, and what harm plaintiff allegedly suffered as a result.

  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

  In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

4

an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Second Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: January 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dean2152.dis

```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

         Plaintiff,                        No. 2: 11-cv-2152 KJN P

   vs.

S.H. WONG, et al.,                         NOTICE OF AMENDMENT

         Defendants.
_____/

         Plaintiff hereby submits the following document in compliance with the court's

order filed _____:

         _____         Second Amended Complaint

DATED:


                                           _____
                                           Plaintiff
```