IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON E. DEAN,

       Plaintiff,                    No. 2: 11-cv-2152 KJN P

   vs.

S.H. WONG, et al.,

       Defendants.          ORDER

_____/

I. Introduction

      Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 26, 2011, plaintiff consented to the jurisdiction of the undersigned. For the following reasons, it is hereby ordered that the December 7, 2011 order granting plaintiff's request to proceed in forma pauperis is vacated. It is further ordered that plaintiff's request to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g), and plaintiff is ordered to pay the filing fee.

II. Discussion

      Title 28 U.S.C. § 1915(g) provides,

> [I]n no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

1

> in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has three or more "strikes" under § 1915(g): Dean v. Sullivan, 98-0717 LKK DAD P (dismissed March 22, 1999 for failure to state a cognizable claim); Dean v. Melching, 00-5522 AWI DLB P (dismissed October 26, 2000 for failure to state a cognizable claim); and Dean v. Cavagnara, 09-0852 SMS P (dismissed October 21, 2009 for failure to state a cognizable claim). Accordingly, plaintiff may proceed with the instant action only if he is under imminent danger of serious physical injury.

Under the imminent danger exception of § 1915(g), a prisoner may use in forma pauperis status to bring a civil action despite three prior dismissals only where the prisoner is under imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1056–57 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception."). "Prisoners qualify for [this] exception based on the alleged conditions at the time the complaint was filed. And qualifying prisoners can file their entire complaint in forma pauperis; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief." Andrews, 493 F.3d at 1052. However, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055.

For the following reasons, the undersigned finds that plaintiff does not meet the imminent physical injury exception to 28 U.S.C. § 1915(g). The background to this finding is set forth herein.

Plaintiff initiated the instant action by filing a petition for writ of habeas corpus, court stamped filed on August 12, 2011. (Dkt. No. 1.) Plaintiff signed this petition on June 6,

2011. (Id.) On September 21, 2011, the undersigned issued an order construing this action as a civil rights action. (Dkt. No. 8.) Plaintiff was ordered to file a complaint within thirty days. (Id.) On December 23, 2011, plaintiff filed a complaint, labeled as an amended complaint. (Dkt. No. 23.) On January 6, 2012, the undersigned dismissed the amended complaint with leave to file a second amended complaint. (Dkt. No. 25.)

On February 28, 2012, plaintiff filed a second amended complaint.[1] (Dkt. No. 29.) Named as defendants in the second amended complaint are Correctional Officers Valdez and Casey and Warden Socorro. The second amended complaint contains no specific claims against defendant Socorro.

In the second amended complaint, plaintiff alleges that defendant Correctional Officer Casey worked at the Deuel Vocational Institute ("DVI"). Plaintiff alleges that defendant Casey searched plaintiff's wheelchair twenty different times. Plaintiff alleges that during these searches, defendant Casey fondled plaintiff's catheterized groin area. Plaintiff also alleges that his wheelchair cushion was unprotected, causing plaintiff to suffer pain, bed sores and bladder infections.

In the second amended complaint, plaintiff alleges that on August 16, 2011, he was transferred to R.J. Donovan State Prison. Plaintiff alleges that defendant Valdez was responsible for the supervision of transportation of prisoners. Plaintiff appears to claim that defendant Valdez rode in one of the transport vans. Plaintiff alleges that defendant Valdez retaliated on behalf of defendant Casey by refusing to transport plaintiff in an "ADA" van. Plaintiff also alleges that during this transport, he was subjected to excessive restraints.

At the present time, plaintiff is no longer under an imminent threat of serious injury from defendants because he is no longer housed at DVI where defendant Casey is located,

---

[1] On March 19, 2012, plaintiff filed a second "second amended complaint." (Dkt. No. 32.) This document contains exhibits in support of the second amended complaint filed February 28, 2012. As such, it is not a proposed amended complaint. For that reason, this document is disregarded at this time.

and because there is no claim that he will soon be transferred under the supervision of defendant Valdez.[2]  However, the issue is whether plaintiff was under an imminent threat of serious physical injury when he filed this action.  Pursuant to the mailbox rule, plaintiff filed this action on June 6, 2011, i.e., the date he signed the habeas petition that opened this action.

Plaintiff's claims against defendant Casey regarding the condition of his wheelchair are addressed in an administrative appeal signed by Correctional Lieutenant Robinson, a copy of which is attached to plaintiff's September 14, 2011 supplemental pleading. (Dkt. No. 7 at 12-13.)  This memorandum contains a "description of the problem":

> On May 19, 2011 while en route to sick call, Officer Casey escorted you back to your assigned cell to search your wheelchair. This had been done a few times before and the Officer discovered a cotton blanket which was provided by Sacramento County Jail doctors in place of the gel cushion that was damaged and requested replaced.

(Id. at 12.)

The memorandum states that plaintiff is requesting a new wheelchair cushion. (Id. at 13.)  The memorandum goes on to state,

> I interviewed you on 07-04-2011, and you were in possession of a wheelchair cushion as prescribed by Family Nurse Practitioner (FNP) P. Mallory.  FNP Mallory examined you on 06-14-2011 and prescribed a wheelchair cushion.  During my interview with you, you indicated it is functional to you as an assistive device.  I noticed, however, the seam of the cushion is torn.  This does not affect the items performance as a cushion.  You have indicated the item is functioning to your satisfaction as an assistive device.  I had you escorted to the Main Infirmary where arrangements were made for you to be issued a new cushion from the Medical Warehouse.  I spoke with you in the infirmary after this and you indicated your satisfaction.

(Id.)

---

[2] In evaluating the serious physical injury exception, the undersigned focuses on the claims raised in the second amended complaint.  The habeas corpus petition which opened this action contained additional claims which are not contained in the second amended complaint.

At the time plaintiff filed this action on June 6, 2011, he had not yet received his new wheelchair cushion. However, his administrative appeals requesting the new cushion were still being processed as of June 6, 2011. On June 14, 2011, plaintiff received a new wheelchair cushion, although it contained torn seams. On or around July 4, 2011, plaintiff received another new wheelchair cushion, which did not contain torn seams. Because plaintiff received a new wheelchair cushion shortly after filing this action, plaintiff was not under the imminent threat of serious physical injury as a result of not having a proper wheelchair cushion at the time he filed this action.

Plaintiff also claims that defendant Casey fondled his groin area during his searches of plaintiff's wheelchair. While the alleged fondling was inappropriate, it did not cause plaintiff to suffer a serious physical injury. Moreover, there is no claim that defendant Casey continued this allegedly inappropriate behavior after plaintiff received his new wheelchair cushions in June and July 2011. Accordingly, the fondling claim against defendant Casey does not constitute an imminent threat of serious physical injury.

The claims against defendant Valdez had not occurred when plaintiff filed the instant action. In any event, the alleged deprivations committed by defendant Valdez occurred while plaintiff was transported to R.J. Donovan Prison. There is no claim by plaintiff that he is under an imminent threat to be subject to another transfer supervised by defendant Valdez. For these reasons, the claims against defendant Valdez do not constitute an imminent threat of serious physical injury.

For the reasons discussed above, the undersigned finds that plaintiff does not meet the imminent threat of serious physical injury exception to 28 U.S.C. § 1915(g). Accordingly, because plaintiff has three prior strikes, the previous order granting his request to proceed in forma pauperis is vacated, and plaintiff is ordered to pay the filing fee.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The December 7, 2011 order granting plaintiff's request to proceed in forma pauperis is vacated;

2. Plaintiff's request to proceed in forma pauperis is denied; plaintiff is granted thirty days to pay the filing fee; failure to pay the filing fee will result in the dismissal of this action;

3. The Director of the California Department of Corrections and Rehabilitation shall immediately cease payments to the court for plaintiff's filing fee in this action;

4. The Financial Department of this court shall return to plaintiff all money paid toward the filing fee in this action;

5. The Clerk of the Court is directed to serve this order on Director, California Department of Corrections and Rehabilitation, 1515 S Street, Sacramento, California, 95814;

6. The Clerk of the Court is directed to serve a copy of this order on the Financial Department of this court.

DATED: April 13, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dean2152.vac